229 A.2d 59.

JOHN F. ROSARIO *vs.* DOMINGA ROSARIO.

MAY 5, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This petition for an absolute divorce brought on the ground that the parties have lived separate and apart for the space of at least ten years, G. L. 1956, §15-5-3, was heard by a justice of the family court. Thereafter a decision was entered granting the petition, and the respondent is prosecuting her bill of exceptions therefrom to this court.

The parties were married in Seekonk, Massachusetts, on January 23, 1954 and for about nine months thereafter lived together in the town of Cumberland in this state. It appears that petitioner left his wife late in the year 1954, and in January 1956 she filed a petition for divorce from bed and board. This action, entitled Divorce No. 66390, is still pending in the family court. The court found that the parties had lived separate and apart for the statutory period and gave decision for petitioner.

It is clear from the record that there was a substantial amount of conflicting evidence on the issue of whether the parties had lived separate and apart for the required statutory period of ten years. This, in our opinion, brings the case clearly within the rule laid down in *Reilly v. Reilly*, 57 R. I. 432. There this court noted that the findings of fact by a trial justice in a divorce action will not be disturbed by this court on review unless they clearly fail to do justice between the parties, that is, unless such findings are clearly wrong.

After a thorough examination of the transcript we are persuaded that the question confronting the trial justice was one of credibility and that nothing in the character of the evidence adduced is persuasive that the evidence supporting petitioner's case was either self-impeached or inherently improbable. In such circumstances, it not appearing that the trial justice overlooked or misconceived any of such evidence, we cannot say that he was clearly wrong in reaching the conclusions set forth.

The respondent in this court presses a number of evidentiary exceptions which, in our opinion, are without merit. It may well be that error inhered in certain rulings excluding testimony offered in behalf of respondent, but we do not perceive that she was prejudiced by such rulings. Typical of this situation was the attempt of a daughter of respondent to testify concerning visits of petitioner to her mother's home in East Providence during the time when the statutory period is alleged to have been running. Attempts of this witness to testify as to the conduct of petitioner on such occasions and whether the parties used the same bedchamber were excluded from evidence on objection of petitioner. If this exclusion was erroneous, we do not perceive that it prejudiced respondent, for during subsequent examination of this witness she was permitted, without objection, to give a detailed account of the number of times she saw petitioner at her mother's home and the conditions under which she saw him in her mother's bedroom. There was no prejudicial error in any of these rulings.

The respondent has urged also that the pendency of her petition for a bed and board divorce precluded a claim by petitioner that the parties had lived separate and apart for the statutory period. We assume that this contention is based on a claim that the separation during the pendency of a divorce petition is not a voluntary living-separate-and-

apart on the part of the petitioner and that the legislature, in establishing this ground of divorce, contemplated that the separation would be voluntary. It is true that these separations must have a voluntary character. See *Camire v. Camire*, 43 R. I. 489. But what constitutes the necessary voluntariness must depend on the peculiar circumstances of each case. There is nothing in the record here that discloses that any judicial act excluded the instant petitioner from the family domicile after the filing of her petition for a bed and board divorce. In this circumstance it is difficult to conclude that the separation was not of such a voluntary character as to meet the terms of the statute in question.

The respondent's exceptions are overruled, and the cause is remitted to the family court for further proceedings.

*Bernard C. Gladstone,* for petitioner.

*Joseph G. LeCount,* for respondent.